UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:11-cr-00018-LRH-VPC |
| Plaintiff, | RESTITUTION ORDER |
| vs. | |
| JULIUS HOLLEY and AMANDA ROA, | |
| Defendants. | |

The matter of the proper amount of restitution to be ordered as part of the sentencings of the Defendants Julius Holley and Amanda Roa was heard by this court on February 1, 2012. Extensive briefing and exhibits have been filed. The court's hearing followed the guilty plea and sentencing of Defendant Julius Holley upon the offense of Destruction of Property, Aiding and Abetting, 18 U.S.C. §§ 1363, 7 and 2, a felony, and Defendant Amanda Roa upon the offense of Willful Injury to Property of the United States; Aiding and Abetting, 18 U.S.C. § 1361 and 2, a Class A misdemeanor.

The Mandatory Victims' Restitution Act, 18 U.S.C. § 3663(a) requires restitution to the victim of an offense for the value of property damaged, lost or destroyed as a result of offenses such as those of Defendants.

This case involved a January 8, 2011 rampage in which the Defendant Julius Holley, in the company of Defendant Amanda Roa, fired multiple gunshots from Holley's AR-15 rifle into the home occupied by victim Edith Tybo and into her 2003 Ford Focus station wagon at 236 Eagle Drive, Battle Mountain Colony, Battle Mountain, Nevada.

The amount of restitution claimed by victim Edith Tybo was challenged by the Defendants and the hearing before this court on February 1, 2012 was conducted for purposes of final argument and presentation of evidence concerning the appropriate amount of restitution.

I.     DAMAGE TO RESIDENCE

The evidence before the court confirmed that while the home at 236 Eagle Drive was occupied by Edith Tybo, it was actually owned by the Western Shoshone Housing Authority (hereinafter "Housing Authority") and was being purchased by Tybo.

Multiple gunshots were sprayed into the home and expenses for repairs were incurred by both the Housing Authority and Tybo. The Housing Authority expended one thousand thirty-nine dollars and twenty-nine cents ($1,039.29) in repairs to damage caused by the gunfire to the house. Both Tybo and the Housing Authority are victims of this damage and the restitution amount of one thousand thirty-nine dollars and twenty-nine cents ($1,039.29) is reasonable and shall be payable jointly to Tybo and the Housing Authority.

Tybo expended three hundred forty-two dollars and sixty-three cents ($342.63) with Fast Glass to repair and replace window damage in the home. The Fast Glass cost was paid on Tybo's behalf by the Victims of Violence Compensation Fund. The court will order restitution in this amount; however, restitution shall be payable jointly to Tybo and the Victims of Violence Fund.[1]

Tybo also claimed damage to a wall vent in the living room and estimated that it would cost one hundred fifty-six dollars ($156.00) to replace the vent. However, the vent was a fixture to the home, and the Housing Authority did not choose to replace or repair it. Given this history, the court is not satisfied that the replacement cost of the vent is an appropriate restitution amount and no other evidence was presented concerning the value of this damage. The court therefore declines to award this amount as restitution.

///

---

[1] The correct title for the Victims of Violence Fund was not identified to the court. The Probation Department shall determine the correct title and direct payment as necessary.

With regard to damage to the residence, the court therefore awards restitution in the following amounts:

- Jointly to Edith Tybo and the Housing Authority $1,039.29
- Jointly to Edith Tybo and the Victims of Violence Fund $342.63
- TOTAL Restitution: $1,381.92 for damage to the residence.

II	DAMAGE TO PERSONAL PROPERTY

    A.	Living Room.

        1.	Wooden China Hutch.

A bullet struck a wooden China hutch owned by Tybo and caused a large hole on the left side and destroyed glass in the front of the hutch. Tybo estimated the value of the hutch to be seven hundred fifty dollars ($750.00) and based her estimate on cost of replacement. A comparable hutch was found by the Probation Officer, using Amazon.com, at six hundred eighty dollars ($680.00) prior to taxes and/or shipping and handling costs. The court therefore considers the seven hundred fifty dollars ($750.00) to be a reasonable determination of value for purposes of restitution to Tybo.

        2.	Picture Frames.

One small frame picture, one large framed print, and a framed 20" X 30" oil painting suffered bullet damage from the gunfire. The court agrees with Tybo's restitution request for repair and replacement in whole or in part of these items. Restitution will therefore be ordered in the amount requested of two hundred eighty dollars ($280.00).

        3.	Front Room Window Curtains.

Reimbursement of seventy dollars ($70.00) to replace the curtains is reasonable and will be awarded.

        4.	Flat Screen Television.

The court accepts Tybo's testimony that a flat screen television in her living room was destroyed by the gunfire. A replacement cost of eight hundred forty-nine dollars

3

($849.00) was claimed for the television. This is a reasonable restitution amount and will be awarded.

         5.       Window Blanket.

This concerns a blanket which had been placed over a window to keep out the cold and which was penetrated by at least several bullets from the gunfire. The replacement cost of sixty dollars ($60.00) is a reasonable restitution amount.

         6.       Oak Microwave Cart.

The evidence before the court is that the cart was struck more than once by gunfire and Tybo estimated it would cost ninety dollars ($90.00) to replace the cart. This is a reasonable restitution amount and the court will order it.

The court therefore orders restitution to Tybo for personal property damage as follows:

| | |
|---|---|
| Wooden China hutch | $ 750.00 |
| Picture frames | $ 280.00 |
| Front room curtains | $ 70.00 |
| Flat screen television | $ 849.00 |
| Window blanket | $ 60.00 |
| Oak microwave cart | $ 90.00 |
| TOTAL | $2,099.00 |

    B.       Damage to Youngest Son's Bedroom.

Claims were made for gunfire damage to various items of personal property in Tybo's youngest son's bedroom. The court is satisfied that all of the furniture, clothing, video games, curtains and blanket were damaged or destroyed by the gunfire, that replacement cost is a reasonable criteria to determine restitution for such items, and the court will order restitution in favor of Tybo as follows:

| | |
|---|---|
| Dresser | $ 225.00 |
| Bookshelf/wall unit | $ 149.00 |
| Video games | $ 280.00 |

| | | |
|---|---|---|
| DVDs | | $ 108.00 |
| Bed blanket | | $ 35.00 |
| Clothing | | |
| | Sweatshirts | $ 112.00 |
| | School shirts | $ 64.00 |
| | Sport team sweatshirts and jacket | $ 130.00 |
| | Pants | $ 150.00 |
| Curtains/blanket | | $ 90.00 |
| TOTAL | | $1,343.00 |

C. Damage to Vehicle.

The most disputed loss claimed by Tybo for restitution was the damage to her 2003 Ford Focus caused by bullet holes through the car's front and rear windshields, the car's dashboard and driver's seat. Repair estimates for the automobile were in varying amounts from four thousand four hundred eighty-eight dollars ($4,488.00) to five thousand three hundred fifty-four dollars ($5,354.00).

Evidence presented by defense witnesses was that the vehicle was not operable, that it had been placed on blocks for a period of months prior to the shooting, that windows were previously broken in the vehicle, and that it had wheel and muffler damage. The court also notes that photos of the vehicle show that the license plate for the vehicle may not have been renewed since 2002.

In Exhibit 6 to the Government's Supplemental Briefing on Restitution/Exhibits (#49), the Government presented the Kelley Bluebook Trade-in Values of a 2003 Ford Focus, which established the value for a Ford Focus in "fair condition" as four thousand three hundred fifty-five dollars ($4,355.00). Based on the evidence presented, the court concludes that is a generous maximum value for purposes of restitution and will order restitution in that amount.

There was a remaining restitution claim involving a two hundred seventy-nine dollar ($279.00) payment to Tybo by the Lander County Domestic Violence Program to assist her with

1  personal expenses following the shooting.  However, no specification was presented identifying
2  what the personal expenses were or how they were tied to the gunfire incident before the court.
3  Consequently, this amount is inappropriate for inclusion in the restitution award by the court.

### III.     AMANDA ROA

The court was troubled with reimbursement responsibility concerning Amanda Roa because the evidence relative to the gunfire offense was most directly attributable to Defendant Julius Holley. Holley's conduct was wilful, conducted in a rage and was out of control. Although Amanda Roa was present during Holley's rampage, the weapon belonged to Holley and was used solely by him. Roa never fired the weapon and her role appeared to be limited to providing a second clip of bullets to Holley upon Holley's demand or request.

The court is also concerned that Roa's criminal conviction was for Willful Injury to Property of the United States; Aiding and Abetting, 18 U.S.C. § 1361 and 2, a Class A misdemeanor.  Presumably the property of the United States which is the subject of the offense for which Roa stands convicted is the home which was owned by the Western Shoshone Housing Authority, presumably a department or agency of the United States. It appearing that the Housing Authority is the victim for purposes of the offense of Roa's conviction, the court will limit restitution chargeable to her to the compensable damage to the home. She will therefore be responsible, jointly and severally with Julius Holley, for restitution to Tybo and the Housing Authority as previously set forth in this order in the amount of one thousand three hundred eighty-one dollars and ninety-two cents ($1,381.92).

///
///
///
///
///
///
///
///
///

WHEREFORE, total restitution upon Defendant Julius Holley is ordered in the amount of nine thousand one hundred seventy-eight dollars and ninety-two cents ($9,178.92), as more particularly set forth in this order. Included in that amount, the court orders that the restitution obligation of Defendant Amanda Roa be one thousand three hundred eighty-one dollars and ninety-two cents ($1,381.92), for which she shall be jointly and severally responsible with Defendant Julius Holley, all as more particularly set forth in this order.

IT IS SO ORDERED.

DATED this 8th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE